IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DICTRICT OF PENNSYLVANIA

3

IN RE:                          :        MISCELLANEOUS ACTION
JOHN MARK LOGUE                 :
                                :        NO. 09-40
                                :        (Under Seal)

RESPONSE TO ORDER TO SHOW CAUSE –
SUPPLEMENTAL DOCUMENTATION

F I L E D

TO THE HONORABLE HARVEY BARTLE, III, CHIEF JUDGE:

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

1.    In his Response to the Court's Order to Show Cause why he
      should not be subject to discipline filed on April 10, 2009,
      Respondent presented facts and attached supporting
      documentation.

2.    Respondent informed the Court in a cover letter to Chief Judge
      Bartle that he hoped to supplement his Response with two
      additional documents from his file in the Office of Disciplinary
      Counsel of the Disciplinary Board of the Supreme Court of
      Pennsylvania that he had requested from Deputy Chief Counsel
      Burgoyne on April 8, 2009.

3.    Respondent received the following documents with a letter from
      Mr. Burgoyne dated April 14, 2009 (attached hereto).

      (a)    The 2-17-98 Hearing Committee Report filed on March 2,
      1998 is supplemental to Exhibit A.

(b)     The Report and Recommendations of the Disciplinary

Board dated April 12, 2002 is supplemental to and formed the

basis for the Order at Exhibit C.



Respectfully submitted,

David M. Rapoport, Esquire
Two Penn Center Plaza
Suite 1410
Philadelphia, PA 19102

**THE DISCIPLINARY BOARD**

OF THE

**SUPREME COURT OF PENNSYLVANIA**

**Paul J. Killion**
Chief Disciplinary Counsel

**Paul J. Burgoyne**
Deputy Chief Disciplinary Counsel

**DISCIPLINARY COUNSEL**
**IN-CHARGE OF**
**DISTRICT OFFICES**

(I) Anthony P. Sodroski
(II) Raymond S. Wierciszewski
(III) Edwin W. Frese, Jr.
(IV) Angelea Allen Mitas

**OFFICE OF DISCIPLINARY COUNSEL**
www.padb.us

Seven Penn Center
16th Floor
1635 Market Street
Philadelphia, Pennsylvania 19103
(215) 560-6296 ext. 36
FAX (215) 560-4528

April 14, 2009

John M. Logue, Esquire
Silvers, Langsam & Weitzman
Two Penn Center Plaza
Suite 1410
15th & JFK Boulevard
Philadelphia, PA 19102

Re:  Documents from Board File No. 52 DB 1997

Dear Mr. Logue:

Pursuant to your request I am providing you with copies documents by facsimile.  I am also sending them in the United States Mail.

The documents are:

1. Hearing Committee Report dated March 2, 1998, and
2. Report and Recommendations of the Board dated April 12, 2002.

If I can be of any further assistance, please contact me.

Very truly yours,

PAUL J. BURGOYNE
Deputy Chief Disciplinary Counsel

PJB: me
Sent via First Class Mail and
   To Fax Number 215-563-6617

# Supplemental to EXHIBIT A

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,       : No. 313 Disciplinary Docket
           Petitioner                : No. 3 - Supreme Court

        v.                            : No. 52 DB 97, Disciplinary
                                  : Board

JOHN MARK LOGUE,                       : Attorney Reg. No. 34020
           Respondent                : (Delaware County)

HEARING COMMITTEE 2.09
REPORT AND RECOMMENDATIONS

## I. Concise Statement of the Case:

This matter arises out of a Petition for Discipline
filed by the Office of Disciplinary Counsel on May 20, 1997. The
Petition for Discipline contains one charge of professional
misconduct in violation of Rule 203(b)(1) of the Pennsylvania
Rules of Disciplinary Enforcement, and in violation of Rule
8.4(b) of the Rules of Professional Conduct.

The allegations contained in the Petition for
Discipline arose from Respondent's conviction in the Court of
Common Pleas of Delaware County, Pennsylvania, on August 19,
1996, of one count of Possession with Intent to Deliver a
Controlled Substance (Cocaine), in violation of Act 64, Section
13(a)(30), 35 P.S. Section 780 113(a)(30).

FILED
MAR - 2 1998
The Disciplinary Board of the
Supreme Court of Pennsylvania

*Elaine M. O'Brien*
Secretary

Respondent was charged with violating R.P.C. 8.4(b), which provides in pertinent part, that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

On March 20, 1997, the Supreme Court of Pennsylvania issued a Rule to Show Cause entered pursuant to Rule 214(d)(1), Pa. R.D.E., directing Respondent to show cause why he should not be placed on temporary suspension. On March 27, 1997, an Answer to the Rule to Show Cause was filed with no objection to the entry of an Order placing Respondent on temporary suspension. The Answer requested that the matter be referred to a Hearing Committee.

On April 24, 1997, the Supreme Court of Pennsylvania entered an Order pursuant to Rule 214(d)(1), Pa. R.D.E., directing the temporary suspension of Respondent. In that Order, Respondent was ordered to comply with all of the provisions of Rule 217, Pa. R.D.E., and the matter was referred to the Disciplinary Board pursuant to Rule 214(f)(1), Pa. R.D.E.

On May 20, 1997, Petitioner filed a Petition for Discipline with the Disciplinary Board of the Supreme Court of Pennsylvania. An Answer to the Petition was filed on June 30, 1997, admitting Paragraphs 1 through 11, admitting Paragraph 12,

2

but adding that mitigation evidence would be put forth at the time of a hearing, and denying Paragraph 13.

On July 7, 1997, a Reference for Discipline Hearing was issued by the Secretary of the Disciplinary Board, assigning Hearing Committee 2.09 to hear the instant case.

Respondent did not file his Statement of Compliance within forty (40) days of the date he was suspended, as required by Rule 217(e), Pa. R.D.E., but did file it on or about August 5, 1997.

By Notice dated August 18, 1997, a Hearing was scheduled for Wednesday, November 5, 1997, at 10:00 A.M. in the District II Office of the Disciplinary Board of the Supreme Court of Pennsylvania. The Hearing was held as scheduled, and Respondent was represented by counsel.

At the conclusion of the hearing, the Chairman of the Hearing Committee directed that Respondent and Petitioner file proposed Findings of Fact and Conclusions of Law.

II Code and Rule Violations:

The Petition for Discipline charged, and Respondent admits, that Respondent's conviction constitutes an independent basis for discipline, pursuant to Rule 203(b)(1), Pa. R.D.E.,

3

which provides:  conviction of a crime which under Enforcement
Rule 214 (relating to attorneys convicted of crimes) may result
in suspension.

The Petition for Discipline charges Respondent with
Misconduct under Rule 8.4(b) which provides: it is professional
misconduct for a lawyer to commit a criminal act that reflects
adversely on the lawyer's honesty, trustworthiness or fitness as
a lawyer in other respects.

III  Rulings on Admissibility of Evidence:

The following Exhibits were marked and offered in
evidence:

A.  For the Petitioner:

1.  P-1 - Criminal Complaint in the matter of Comm.
v. John M. Logue.  Notes of Testimony - Page 18-19;

2.  P-2 - Criminal Information No. 967C of 1996.
Notes of Testimony - Page 18-19;

3.  P-3 - Guilty Plea Statement Instructions.
Notes of Testimony - Page 18-19;

4.  P-4 - Office of Judicial Support Criminal
Division Docket.  Notes of Testimony - Page 18-19;

5.  P-5 - Sentencing Sheet.  Notes of Testimony
Page 18-19;

4

6.   P-6 - Supreme Court Order of Suspension.   Notes of Testimony - Page 18-19.

B.   For the Respondent:

1.   R-1 - Report of Richard Frederick Limoges, M.D., marked by not offered or admitted;

2.   R-2 - Contract with Respondent pursuant to 89.293 Disciplinary Rules and Procedures marked as an Exhibit. Notes of Testimony - Page 94, admitted as an Exhibit, subject to verification that a copy of R-2 was signed by all appropriate parties.   Notes of Testimony - Page 99;

3.   R-3a - Letter from Richard Spallone - Respondent's sponsor;

R-3b - Letter from Annmarie Mariani - Respondent's ex-wife;

R-3c - Letter from David A. Katch - Parole Officer;

R-3d - Letter from John J. Hykel, Esquire

Admitted into evidence Notes of Testimony - Page 250.

IV   Findings of Fact:

1.   Petitioner, whose principal office is situated at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, 15219, is invested, pursuant to Rule 207 of the

5

Pennsylvania Rules of Disciplinary Enforcement, with the power
and duty to investigate all matters involving alleged misconduct
of any attorney admitted to practice law in the Commonwealth of
Pennsylvania, and to prosecute all disciplinary proceedings
brought in accordance with the various provisions of the said
Rules of Disciplinary Enforcement.

2.   Respondent, John Mark Logue, is subject to the
jurisdiction of the Disciplinary Board.  He is a formerly
admitted attorney in the Commonwealth of Pennsylvania, having
been admitted to practice on or about June 3, 1981, and suspended
by Order of the Supreme Court of Pennsylvania dated April 24,
1997.

3.   Respondent previously practiced law for the Defense
Logistics Agency at DPSC G, 2800 South 20th Street, Philadelphia,
Pennsylvania, 19101.  His only current address is 8 Althea Lane,
Morton, Pennsylvania, 19070.

4.   On or about January 2, 1996, a Criminal Complaint
was filed against Respondent by Detective James Frey of the
Delaware County Criminal Investigation Division - Drug Task
Force, charging Respondent with violating the Controlled
Substance, Drug, Device and Cosmetic Act, Act. 64, 13(a), (16) and
(30).

6

5. On August 19, 1996, Respondent pleaded Guilty to one (1) Count of the ungraded Felony charge of Possession with Intent to Deliver Cocaine on September 16, 1995, November 4, 1995, and January 24, 1996.

6. On November 12, 1996, Respondent was sentenced to:

a) three (3) to twenty-three (23) months imprisonment in the Delaware County Prison, commencing January 6, 1997;

b) continue Narcotics Anonymous and Alcoholics Anonymous meetings;

c) continue psychiatric treatment;

d) continue with all recommendations of the Probation Department;

e) pay restitution of $165.00;

f) forfeit his 1991 Toyota Celica; and,

g) forfeit $51.00

7. On April 27, 1997, Respondent was suspended from the practice of law by Order of the Supreme Court of Pennsylvania.

8. No appeals were taken from the Sentence imposed on Respondent on November 12, 1996.

7

9. The aforesaid conviction of Respondent constitutes an independent basis for discipline, pursuant to Rule 203(b)(1) Pa. R.D.E.

10. Since his release from prison, Respondent has been employed at the law firm of Choi & Dickerson in Philadelphia, Pennsylvania, where he remains employed as a paralegal assisting the partners in their work without direct client contact.

11. Prior to his arrest, Respondent was a cocaine addict, abused other controlled substances, and suffered from emotional problems.

12. After his arrest, Respondent completed a twenty-eight (28) day inpatient drug and alcohol rehabilitation program, and began attending Narcotics Anonymous and Alcoholics Anonymous meetings, which he continues to attend.

13. Respondent has willingly participated in a Pre Order Monitoring Agreement set up by the Drug and Alcohol Committee of the Pennsylvania Bar Association, under which he is subject to drug testing on a random basis and supervision is monitored to ensure that he maintains his sobriety and continues to participate in Narcotics Anonymous, Alcoholics Anonymous, and psychotherapy. Any violation of the Agreement by Respondent must be reported to the Lawyers Assistance Committee which is bound to

8

report violations to the Office of Disciplinary Counsel as
provided in Rule 89.293, Disciplinary Rules and Procedures.

14. Respondent enjoys a good reputation for honesty and
integrity among fellow lawyers and lay people.

V  Discussion:

In light of Respondent's admission to the allegations
in the Petition for Discipline, it is unnecessary for us to
address the question of whether or not the conviction of
Respondent constitutes and independent basis for discipline,
pursuant to Rule 203(b)(1) Pa. R.D.R.  Respondent admits that he
is subject to discipline.  However, Respondent has denied that
his criminal conduct is a violation of R.P.C. 8.4(b).

We find that denial to be wholly without merit, in
that, Petitioner admitted to his conviction of Possession with
Intent to Deliver Cocaine on three (3) separate occasions,
despite pleading Guilty to only a one (1) Count information.  The
office of Disciplinary Counsel has met its burden of proving
Respondent's Professional Misconduct.

Respondent's criminal conviction provides the grounds
for discipline under the Pennsylvania Rules of Disciplinary
Enforcement, Rule 203.  Respondent admits this in his Answer to
the Petition for Discipline.  The only real issue before this

Hearing Committee is the extent to which Respondent's submission of evidence in mitigation of punishment should be considered.

We are guided by Office of Disciplinary Counsel v. Eilberg, 497 Pa. 388, 441 A. 2d 1193 (1982), and In re Anonymous No. 3 D.B. 89, 496 D & C 4th 490 (1993), which require us to "consider the events which surrounded the criminal charge in order 'to weigh the impact of the conviction upon the measure of discipline'".

Respondent presented Richard F. Limoges, M.D., an addiction psychiatric expert, who concluded that Mr. Logue suffered from a long-standing depression disorder and dysthymia, cocaine addiction, and passive dependent personality traits. He offers the hope that now that Mr. Logue is sober and making every conceivable effort to remain so, that the conditions for his fall from grace are not likely to return. He opines that Mr. Logue has an excellent prognosis. Respondent has met his burden of establishing a casual connection between his disorder and his misconduct. Office of Disciplinary Counsel v. Braun, 520 Pa. 157, 553 A. 2d 894 (1989).

Respondent presented his sobriety monitor [name excluded], Esquire, from the Pennsylvania Bar Association Lawyer's Assistance Committee, who confirmed Mr. Logue's commitment to the contract pursuant to 82.293, Substance Abuse

10

Probation, Disciplinary Board Rules and Procedures.   The sobriety
monitor and other recovering members of the bar in good standing
attest to the exemplary efforts of Mr. Logue to his sobriety.

Also testifying was Respondent's current employer,
William Dickerson, Esquire, of Choi and Dickerson, who
complimented Mr. Logue's work as a law clerk, and added that Mr.
Logue could be hired as an associate upon his return to practice.

Lastly, Mr. Logue testified.  He told of a young man
who was admitted to parochial school, prep school and law school
on scholarships, because his father died at a young age.  He
worked in several jobs upon graduation from law school in 1981
until he began to work at the Defense Personnel Supply Center,
where he worked from May, 1989, until September, 1996.  Mr. Logue
became a cocaine addict in the early 1980's.  He married in
October, 1985.  After his wife was diagnosed with Hodgkin's
Disease in 1986, he "escaped to the bar while my wife slept".
His cocaine habit increased as his job pressures and depression
increased.  He divorced his wife in October, 1990.

In September, 1995, at the suggestion of a "friend"
from the bar, Respondent was introduced to "Jim" who asked
Respondent to get him some cocaine.  On three (3) separate
occasions, Respondent sold "Jim" – undercover drug agent James
Frey -- a total of 1¼ grams of cocaine.  The third sale on
January 24, 1996, took place in a parking lot.  As Respondent

11

handed over the cocaine, he was placed under arrest, processed and jailed. He made bail on January 25, 1996. On February 10, 1996, Respondent signed himself into Mirmont Rehabilitation Center in Lima, Pennsylvania, for twenty-eight (28) days. He was discharged to an out-patient aftercare program. He has faithfully attended Narcotics Anonymous and Alcoholics Anonymous meetings on a regular basis. He served three (3) months, less eighteen (18) days, of his jail sentence, and began working several weeks after his release at Choi and Dickerson where he continues to work.

In addition, Respondent presented letters from his ex-wife, his parole officer, his AA sponsor, and a lawyer from Lawyers Concerned for Lawyers, who attest to Mr. Logue's good character and sincerity.

In all, we find that Respondent was a cocaine addict, who suffered from depression. His addiction did not directly interfere with his job or activities as a lawyer. He has addressed his drug addiction, and remains clean and sober. He remains in psychotherapy. He continues to work as a law clerk. He admits his wrongdoing; has served his sentence, in addition to twenty-eight (28) days in a rehab program. He lost his car, his job, his driver's license, his privilege to practice law, his reputation, and his dignity. He seems well on the road to recovering his dignity.

12

All of the above notwithstanding, we are guided by
earlier decisions.  Our Supreme Court, in <u>Office of Disciplinary
Counsel v. Simon</u>, 507 Pa. 1215 (1986), disbarred the Respondent
following his sale of cocaine.  In <u>Simon</u>, the Respondent refused
to disclose the name of the purchaser because it did not benefit
him to do so.  The Supreme Court was struck, not just by the sale
of the cocaine, but by the "despicable" conduct of Respondent
thereafter.  The <u>Simon</u> case stands in sharp contrast to the
instant case, where Respondent has done everything possible to
rehabilitate himself and return himself to the good graces of the
legal community and society.  In <u>In re Anonymous No. 4 DB09</u>, 18 D
& C 4th, 490 (1993), the Disciplinary Board recommended a five
(5) year suspension, considering the respondent's addiction and
his rehabilitation, in mitigation.  We believe that Mr. Logue has
demonstrated those things and more, as set forth above, which
should earn him the recommendation which we suggest below.


VI   Conclusions of Law:

        1.  Respondent's conviction for Possession with Intent
to Deliver Cocaine is a conviction under Rule 214(d), Pa. R.D.E.
        2.  Respondent's conviction is a violation of Rule
8.4(b), Pa. R.P.C.
        3.  Respondent's conviction constitutes per se
independent basis for discipline under Rule 203, Pa. R.D.E.

VII Recommendation:

It is our opinion that a three (3) year suspension from the practice of law will protect the interest of the public and maintain the integrity of the bar. For these reasons, we recommend that Respondent should be suspended from the practice of law for a period of three (3) years, after which time he will be required to fulfill all mandates governing his re entry into this bar.

Respectfully submitted,

HEARING COMMITTEE 2.09

Norman Millman, Esq.
Chairman

Marc Robert Steinberg, Esq.
Member

Wallace H. Bateman, Jr. Esq.
Member

Dated: 2-17-98

14

# Supplemental to EXHIBIT C

BEFORE THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

In the Matter of                           :    No. 313, Disciplinary Docket
                                           :      No. 3 - Supreme Court
                                           :
JOHN MARK LOGUE                            :    No. 52 DB 1997 - Disciplinary Board
                                           :
                                           :    Attorney Registration No. 34020
                                           :
PETITION FOR REINSTATEMENT                 :    ( Delaware County)

REPORT AND RECOMMENDATIONS OF
THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

TO THE HONORABLE CHIEF JUSTICE AND JUSTICES
OF THE SUPREME COURT OF PENNSYLVANIA:

Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement,
The Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and
recommendations to your Honorable Court with respect to the above-captioned Petition for
Reinstatement.

I.      HISTORY OF PROCEEDINGS

Petitioner, John Mark Logue, filed a Petition for Reinstatement to the bar of
Pennsylvania on January 16, 2001. By Order of the Supreme Court of Pennsylvania dated
August 17, 1998, Petitioner was suspended from the practice of law in Pennsylvania for
three years retroactive to April 24, 1997.

A reinstatement hearing was held on August 28, 2001, before Hearing Committee 2.07 comprised of Chair Jay H. Karsch, Esquire, and Members Lester G. Weinraub, Esquire, and James Keath Fetter, Esquire.   Petitioner was represented by John Rogers Carroll, Esquire.

The Hearing Committee filed a Report on December 3, 2001 and recommended that the Petition for Reinstatement be granted.

No Briefs on Exceptions were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of February 13, 2002.

II.   FINDINGS OF FACT

The Board makes the following findings of fact:

1.   Petitioner was born in 1953 and was admitted to practice law in Pennsylvania in 1981.  His current residence address is 8 Althea Lane, Morton, PA 19070.

2.      Petitioner was suspended from the practice of law by Order of the Supreme Court of Pennsylvania dated August 17, 1998. This suspension was for a period of three years retroactive to April 24, 1997, the date of Petitioner's temporary suspension.

3.      The misconduct underlying Petitioner's suspension was his guilty plea on August 19, 1996 to one count of possession of cocaine with the intent to deliver on three occasions.

4.      Petitioner was sentenced to a term of three to twenty-three months in the Delaware County prison. He was released for good conduct after three months less eighteen days. He complied with all terms and conditions of his parole.

5.      Shortly after Petitioner's arrest, he completed a 28 day inpatient drug and alcohol rehabilitation program at Mirmont Treatment Center in Lima, Pennsylvania. He began attending Narcotics Anonymous and Alcoholics Anonymous meetings, which he continues to attend at the rate of at least three meetings per week.

6.      Petitioner began psychiatric treatment in September of 1996 with Dr. Richard F. Limoges, a psychiatrist specializing in addiction disorders.

3

7.    Dr. Limoges testified at Petitioner's disciplinary hearing in 1997. He stated that Petitioner was a cocaine addict at the time of his misconduct and suffered from emotional problems stemming from a depressive disorder. These problems caused Petitioner's criminal behavior, as he was unable to exercise sound judgment due to his impairment.

8.    Dr. Limoges wrote a report dated August 16, 2001 which was submitted into evidence at the reinstatement hearing. Dr. Limoges noted that Petitioner has been in continuous therapy since September of 1996. His depression has significantly lifted and he has been sober since that time.

9.    Dr. Limoges opined that Petitioner's difficulties were a direct result of his active addiction and depression and as those conditions no longer apply, Petitioner is an excellent candidate to be readmitted to the practice of law.

10.   Five character witnesses testified at the reinstatement hearing. These included Saul Langsam, Esquire, Petitioner's employer, George Diflo, a certified addictions counselor and Petitioner's AA sponsor, James Vernile, Esquire, Petitioner's sobriety monitor, William Dickerson, Esquire, a fellow AA member who employed Petitioner from April 1997 until September 1998, and Evelyn Poe, Petitioner's mother. The witnesses had

4

no hesitation in recommending Petitioner for reinstatement and opined that he would be a credit to the profession.

11.   Attorney Langsam had high praise for Petitioner's work product and described Petitioner as an honest, conscientious individual.

12.   Attorney Vernile attested to Petitioner's sobriety and his positive attitude towards the recovery process.

13.   Character letters were admitted into evidence from Attorneys Thomas J. Stapleton, Jr., David M. McGlaughlin, Brian E. Quinn, John J. D'Lauro, John J. Branigan, Robert J. Rebstock, and Anthony F. List. These letters attested to Petitioner's recovery and competency to practice law.

14.   Since March of 1997, Petitioner has worked as a paralegal. He is currently employed by Silvers and Langsam and plans to remain with that firm in litigation practice if he is reinstated to the bar.

15.   Petitioner has maintained his currency in the law by reading the Legal Intelligencer, the Pennsylvania Law Quarterly and the Pennsylvania Lawyer, as well as advance sheets and other periodicals.

16.    Petitioner completed his required Continuing Legal Education credits.

17.    Petitioner has a positive outlook on life and is grateful to be free of his addiction. He is devoted to his recovery process and looks forward to the opportunity to practice law.

III.    CONCLUSIONS OF LAW

1.    Petitioner proved that he has the moral qualifications, competency and learning in the law required to practice law in Pennsylvania.

2.    Petitioner's resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or administration of justice nor subversive of the public interest.

IV.    DISCUSSION

This matter is before the Disciplinary Board on a Petition for Reinstatement filed by Petitioner, John Mark Logue. By Order of the Supreme Court of Pennsylvania dated August 17, 1998, Petitioner was suspended for three years retroactive to April 24, 1997.

Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume practice until reinstated by the Supreme Court of

Pennsylvania. In order for Petitioner to gain reinstatement, he has the burden of proving by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law required for admission to practice in this Commonwealth. In addition, Petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. Rule 218(c)(3)(i), Pa.R.D.E.

A reinstatement proceeding is a searching inquiry into a lawyer's present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgressions which gave rise to the lawyer's suspension, but rather the nature and extent of the rehabilitation efforts the lawyer has made since the time the sanction was imposed, and the degree of success achieved in the rehabilitative process. Philadelphia News, Inc. v. Disciplinary Board of the Supreme Court, 468 Pa. 382, 262 A.2d 779 (1976).

Petitioner was convicted of one count of possession with intent to deliver cocaine. The underlying facts of the criminal conduct reveal that Petitioner obtained and sold cocaine in the total amount of less than two grams on three different occasions between September 1995 and January 1996. He was sentenced to three to twenty-three months imprisonment and was ordered to continue attending Narcotics and Alcoholics Anonymous and to continue psychiatric treatment. He was released for good conduct after three months less eighteen days and complied with all terms and conditions of his probation.

7

The evidence of record shows that Petitioner was a cocaine addict and suffered from a depressive disorder at the time of the criminal conduct. These disorders substantially contributed to Petitioner's misconduct. Petitioner presented conclusive evidence that he has rehabilitated himself from these disorders. After his arrest on the criminal charges, he completed a 28 day inpatient drug and alcohol treatment program at Mirmont Treatment Center in Lima, Pennsylvania. He began attending Narcotics and Alcoholics Anonymous meetings on a regular basis. Petitioner continues to attend these meetings at least three times per week. The testimony of Petitioner's sobriety monitor and his AA sponsor was favorable as to Petitioner's dedication to his sobriety and his understanding that sobriety is the key component to his continued recovery and rehabilitation. Both of these witnesses testified that Petitioner has progressed to the point where he is ready to undertake the practice of law with its concomitant stresses.

Dr. Richard Limoges, Petitioner's psychiatrist for many years, opined that Petitioner has willingly followed all therapeutic requests, has shown a willingness to better himself and is an excellent candidate to be readmitted to practice law.

Petitioner testified that the arrest and conviction changed his life and gave him the incentive and opportunity to overcome his drug addiction, which thus far he has successfully done. He is grateful to his support system of counselors and recovering

8

lawyers who have helped him achieve his sobriety.  He looks forward to the prospect of practicing law again.

Petitioner maintained his competence in the law by fulfilling his required CLE credits and reviewing various legal journals and advance sheets.  He has worked continuously as a paralegal since his release from prison and currently works for Attorney Saul Langsam. Attorney Langsam praised Petitioner's legal abilities and has offered Petitioner a position as an attorney for his firm upon reinstatement.

The record shows that Petitioner has met with clear and convincing evidence his burden of proving that he is morally qualified, competent and learned in the law. Furthermore, Petitioner has demonstrated that his readmission will not be detrimental to the bar or the public.  For these reasons the Board recommends that the Petition for Reinstatement be granted.

9

V.    RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that Petitioner, John Mark Logue, be reinstated to the practice of law.

The Board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., Petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the Petition for Reinstatement.

Respectfully submitted,

THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA

By:
Mark C. Schultz, Member

Date:   April 12, 2002

Board Member Morris did not participate in the disposition of this matter.

10



## THE DISCIPLINARY BOARD

### OF THE

## SUPREME COURT OF PENNSYLVANIA

First Floor
Two Lemoyne Drive
Lemoyne, PA 17043-1226
(717) 731-7073          April 12, 2002
(717) 731-0491

| | |
|---|---|
| In the Matter of | :   No. 313, Disciplinary Docket No. 3 |
| | :      Supreme Court |
| | : |
| | :   No. 52 DB 1997 - Disciplinary Board |
| JOHN MARK LOGUE | : |
| | :   Attorney Registration No. 34020 |
| | : |
| PETITION FOR REINSTATEMENT | :   (Delaware County) |

### Expenses Incurred in the Investigation and Processing
### of the above Petition for Reinstatement

| | | |
|---|---|---|
| 8-17-98 | 16 Copies of Supreme Court Order | $   8.00 |
| 1-16-01 | 16 Copies of Petition for Reinstatement, Reinstatement Questionnaire and Supplement to Reinstatement Questionnaire | 840.00 |
| 10-12-01 | 16 Copies of Petitioner's Brief to Hearing Committee 2.07 | 272.00 |
| 12-03-01 | 16 Copies of Hearing Committee Report | 72.00 |
| | Transcript of Hearing held August 28, 2001 | 560.25 |
| | TOTAL | $1,752.25 |

Make Check Payable to PA Disciplinary Board
Payment is Required upon Receipt of Order